IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIANA PORRAS, | § | |
| FCI NO.83926-079, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-05-1646 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner, a federal inmate confined to the Federal Prison Camp in Bryan, Texas, filed this habeas action pursuant to 28 U.S.C. § 2241 to challenge the application of good conduct time ("GCT") to her sentence under 18 U.S.C. § 3624(b). (Docket Entry No.1). Petitioner's application to proceed as a pauper (Docket Entry No.2) is GRANTED, but her habeas petition will be denied for the reasons to follow.

Section 3624(b) of 18 United States Code allows the Bureau of Prisons ("BOP") to award GCT toward service of a sentence of "up to 54 days at the end of each year of the prisoner's term of imprisonment." 18 U.S.C. § 3624(b)(1). Based upon a projection that petitioner would earn 474 days of GCT, the BOP projected her release date to be February 17, 2001. (Docket Entry No.3). Relying upon the analysis in the Memorandum and Recommendation adopted by this Court in *Moreland v. The Federal Bureau of Prisons*, 363 F.Supp.2d 882 (S.D. Tex. Apr.1, 2005), petitioner claims her total GCT earned and projected should be 540 days instead of 474 days in accordance with § 3624(b). (*Id.*).

In *Moreland*, the magistrate judge found that the BOP interpreted § 3624(b) to mean that it may afford GCT toward service of a sentence of fifty-four days for each year of the sentence actually served in contrast to petitioner's contention that she was entitled to fifty-four days of GCT

for each year of the sentence imposed.  After an exhaustive analysis of the statute, its legislative history, and federal law, the magistrate judge concluded that the BOP's method of calculating GCT "has almost nothing to recommend it."  *Id.* at 894.  In summation, he explained the deficiencies of the BOP's method, as follows, in pertinent part:

> Besides generating additional expense due to longer prison terms, the Bureau's interpretation violates: (1) plain meaning and conventional usage, by translating "at" to mean "after;" (2) the canon of statutory consistency, by giving the same phrase different meanings within the same sentence; (3) the venerable rule of lenity, by construing a penal statute more harshly against the prisoner; and (4) congressional intent as reflected in the legislative history, by devising a more complicated good time system beyond the ready comprehension of inmates.  True, the Bureau has consistently adhered to its view of good time credit over the years, but faithful misinterpretation of a statute over time does not alter its original meaning.

*Id.*

Although *Moreland* is currently on appeal, the Fifth Circuit Court of Appeals recently published its previously unpublished opinion in *Sample v. Morrison*, 406 F.3d 310 (5th Cir. 2005), within which it rejected petitioner's interpretation and application of § 3624(b)(1).  The Fifth Circuit held that,

> It is plain from the statute that an inmate must *earn* good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional disciplinary rules.  Good time credit is thus not awarded in advance, and any entitlement to such credit for future years is speculative at best.

*Id*. at 313 (original emphasis).  The Fifth Circuit further held that even assuming the statutory provision were found ambiguous, deference to the BOP's interpretation would be required under *Chevron U.S.A. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  The Court agreed with the reasoning of the Seventh and Ninth Circuit Courts of Appeal reaching the same

conclusions.  *See White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir. 2004); *Pacheo-Camacho v. Hood*, 272 F.3d 1266, 1270-71 (9th Cir. 2003).

In light of *Sample*, the Court finds that petitioner has failed to state a valid claim against respondent for the violation of her constitutional rights or the breach of any federal statute. Therefore, the Court DENIES her petition for writ of habeas corpus pursuant to § 2241. Accordingly, this action is DISMISSED with prejudice.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, this 7th day of June, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE